Cowin, J.
The plaintiffs brought this action against the defendants Brookline Ice and Coal Co. (BICC) and Liberty Mutual Insurance Co. (Liberty) for damages for injuries arising from the wrongful delivery of oil to 20 Elm Street, Brookline (the premises) by BICC and the resulting fire at said premises. The plaintiffs sought recovery for negligence, breach of contract, trespass, negligent infliction of emotional distress, violation of G.L.c. 2IE and violation of G.L.c. 93A. Individually, plaintiffs Martha Wisler (Martha) and William Jack Ward (Jack)[3] claimed damages for emotional distress injuries and for personal property and rental income losses. As parents and representatives of Nicholas Ward (Nicholas), John Ward and Olivia Ward, Martha and Jack also sought recovery for emotional distress injuries incurred by their children. Finally, Ping Condominium Association (Ping)[4] also claimed for injuries to the condominium structure.
The matter was tried before the Court and a jury from November 13, 1995 through December 7, 1995. Before trial, the Court bifurcated the G.L.c. 2 IE claim for attorneys fees and costs and the G.L.c. 93A claim, reserving these matters for a later non-jury hearing.
After trial, Liberty moved for dismissal of the plaintiffs’ G.L.c. 2 IE claim for costs and attorneys fees and filed a memorandum in support of its position.[5] Plaintiffs filed a memorandum in opposition to Liberty’s motion.[6] A hearing was held solely on this issue of the c. 2 IE attorneys fees and costs on June 12, 1996. In their memorandum and at the hearing, defendant argued that plaintiffs should not be awarded fees. Based upon the parties’ submissions and oral argument, I have determined that fees are not to be awarded in view of the history of this case.
BACKGROUND
The loss at issue occurred on December 11, 1989. On May 21, 1990, Liberty paid the Ward/Wislers $7,500 for living expenses because they had been displaced from their home. By August 1990, Liberty had paid almost $110,000 more for various repair purposes. Liberty continued to pay for repairs, alternate living expenses and other such items until eventually over $600,000 had been paid.[7] This included, in addition to the money paid to contractors, $200,000 paid directly to the Ward/Wislers “without strings.”
Although the defendant BICC initially denied responsibility for the original improper oil delivery to the premises,[8] BICC did admit liability within days of the incident and Liberty (BICC’s insurer) then spent hundreds of thousands of dollars to abate the hazard. Defendant Liberty investigated the site, hired consultants and made efforts to remediate almost immediately. Indeed, the official of the Massachusetts Department of Environmental Protection (DEP) responsible for overseeing the remediation of the prob *726 lem at the Ward/Wisler premises stated that Liberty had conducted the clean-up properly and that DEP was satisfied that the clean-up had been successfully accomplished by September 1990 (less than one year after the oil spill).
Plaintiffs were distressed by the amount of time it took Liberty to accomplish the clean-up and by the initial denied of responsibility by BICC. Plaintiffs consistently claimed that BICC’s original denial of responsibility, Liberty’s delays in payment and Liberty’s refusal to pay the total amount sought caused them emotional hardship and lost time from work. After three and one-half weeks of trial, the jury returned a verdict awarding $85,000 to Martha (the wife) and $15,000 to Nicholas (one of the children). In reaching their determination, the juiy answered the following special questions:
Q. 1. Have the plaintiffs been fairly compensated for any damages sustained by them, which were causally related to the fire incident on December 1, 1989?
Q.2. If you[r] answer to question 1 was no, what additional amount will fairly compensate each of the following for any damages causally related to the events in issue?
After the second question, each plaintiff was individually listed and blank spaces were provided for any amounts that might be awarded. No damages were awarded to Jack, Martha’s husband, or to any of the children other than Nicholas. Ping also recovered no damages.[9]
DISCUSSION
The plaintiffs are seeking an award of attorneys fees and costs under c. 2IE. They are entitled to such an award only if there is a finding in their favor under said statute. The answers of the juiy establish that the damages awarded were for emotional distress and not for properly damage or other c. 2IE purposes. Plaintiffs argue that “but for” the oil spill there would be no emotional distress damages. That may be true, but there is no authorization in c. 2IE for personal injury damages.
The plaintiffs sought recovery under seven different claims. One claim was that of Ping for physical damage to the building. Another claim was a joint claim by Martha and Jack for non-personal injury damages, primarily damage to personal property and loss of rental income. Finally, five claims were for personal injuries of the five Ward/Wislers (two parents and three children).
No damages were awarded to Ping. Thus, the jury determined that Ping had been properly compensated for all c. 2 IE damage.
It is also clear from the verdict that the jury awarded no damages to Martha and Jack under their joint claim for personal property damages and rent loss. This claim was treated as a joint claim of Martha and Jack during trial and in the Court’s instructions, since Martha and Jack each had a 50% interest in these damages. As the husband and wife had asserted a joint property claim, and the jury were so instructed, and, as stated above, Martha was awarded $85,000 and Jack nothing, I conclude that the jury did not award the husband anything on the property claim and that the award to Martha was for emotional distress damages only. It is assumed that the juiy followed the Court’s instructions.
In regard to the five plaintiffs’ personal injury claims, most of the evidence at trial was devoted to the emotional distress claims of Martha and her two oldest children. A school counselor and psychologist testified concerning Nicholas’ emotional distress. Two psychiatrists, as well as friends of Martha, testified about Martha’s emotional distress and her medical costs. Martha’s own testimony emphasized her emotional problems as did plaintiffs’ opening statement and closing argument. The jury awarded damages only to Martha and her oldest child, Nicholas. Significantly, no damages were awarded to the husband Jack. Further, the only child receiving damages was Nicholas. His only claim was for emotional distress (and he was the child about whom there was the greatest amount of emotional distress testimony). These jury determinations make it clear that the juiy did not award damages to Martha for loss of rent or personal property. Martha’s damages were for emotional distress (and unreimbursed medical expenses). Having interpreted the jury’s answers as awarding damages for emotional injury only, there can be no recovery for attorneys fees and costs under c. 21E.
Further, under c. 21E, §15, an award of attorneys fees and costs is discretionary. The statute uses the term “may.” While I have held that plaintiffs are not entitled to fees under c. 2IE, since the award of fees and costs is discretionary, even if the verdict had encompassed c. 2IE claims, I would deny the award of fees as a matter of discretion. [10]
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ claim for attorneys fees and costs pursuant to G.L.c. 21E is DENIED.

Collectively, Martha Wisler and Jack Ward are referred to as the Ward/Wislers.

The premises are actually one part of a two-family structure that consists of numbers 18 and 20 Elm Street. Martha and Jack are the owners of 20 Elm Street. The individual owners of the two units comprise Ping Condominium Association.

At this point, the parties have taken no further action on the c. 93A claim.

Ordinarily, the issue of fees would be raised by a fee application and an opposition thereto. Here, defendant Liberty anticipated the matter by filing a motion to dismiss. Without ruling whether the motion is in fact one to dismiss pursuant to the Rules of Civil Procedure, the issue has been adequately raised to determine whether the plaintiffs are entitled to the relief they seek.

It was undisputed at trial that Liberty had paid this amount.

This denial was due to the fact that the BICC oil delivery man insisted he had not delivered any oil to the premises and to the fact that BICC made no further effort to check its records.

Ping had been seeking recovery for physical damages to the condominium structure at 20 Elm Street, Brookline.

The provision of § 15 is different from that of c. 93A which mandates an award of attorneys fees if the plaintiff prevails. See G.L.c. 93A, §9(4). The award here is further limited by the requirement that the action advance the purpose of the statute. This requirement implies that the Legislature had public policy issues in mind, in the nature of a public attorney general action.